# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL DUKES,<br><br>　　　　　　　　Plaintiff,<br>　vs.<br><br>J. VILLANUEVA, A. NAVARRO<br><br>　　　　　　　　Defendants. | CASE NO. 09CV0580-LAB (JMA)<br><br>**ORDER GRANTING DEFENDANT NAVARRO'S MOTION FOR SUMMARY JUDGMENT** |

On June 18, 2010, Defendant Navarro filed a motion for summary judgment. The Court granted two substantial extensions of time, based on Plaintiff Dukes' somewhat vague representations about conditions that prevented him from preparing his opposition. Most recently in a motion filed November 2, Dukes sought to continue all pretrial dates an additional 45 days. By an order issued November 4, the Court denied this request and explained its reasons for doing so. The Court ordered Plaintiff to file his opposition immediately, and cautioned him that if he did not do so, the motion could be summarily granted.

Two weeks have passed since that order was issued and Dukes has not filed his opposition or anything else. Under Civil Local Rule 7.1(f)(3)(c), failure to file an opposition to a motion when required to do so can constitute consent to the granting of that motion.

/ / /

The Court construes Dukes' failure to oppose Navarro's motion for summary judgment as consent to the granting of the motion.

Furthermore, it is unclear what evidence Dukes could point to that could support finding Navarro liable. Dukes brings claims under 42 U.S.C. § 1983, based on a series of related incidents. He alleges Defendant Villanueva tried to require him and his cellmate to shower while handcuffed together, threw a bar of soap at him through a meal slot, and groped his buttock through the same meal slot. Dukes claims Navarro, Villanueva's fellow officer, is liable because he was present but failed to intervene to stop any of these incidents or report them.

There is no vicarious liability under § 1983; "[l]iability . . . must be based on the personal involvement of the defendant." *Taylor v. List*, 880 f.2d 1040, 1045 (9th Cir. 1989). Even assuming the allegations in the complaint to be true, Navarro was nothing more than a bystander. Furthermore, Navarro's alleged failure to intervene to stop Villanueva from trying to force Dukes to shower with his cellmate doesn't give rise to liability because it ended when Dukes refused. The complaint's allegations don't suggest Navarro's failure to intervene made any difference or caused any harm. The complaint likewise doesn't allege Navarro knew Villanueva would throw the bar of soap at or grope Dukes, much less that he participated in these incidents in any way. Finally, the complaint doesn't allege any harm caused by Navarro's failure to report these incidents.

In short, even if Dukes could prove all the allegations in his complaint, they don't link Navarro to any claims actionable in this suit.

Because Dukes has consented to Navarro's motion's being granted and because the complaint doesn't state a claim against Navarro, Navarro's motion for summary judgment is **GRANTED**. All claims against him are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

DATED: November 18, 2010

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge