UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL DUKES,<br><br>                Plaintiff,<br><br>v.<br><br>J. VILLANUEVA, A. NAVARRO,<br><br>                Defendants. | Case No. 09-CV-580-LAB (JMA)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL  [Doc. No. 52]** |

Plaintiff Darnell Dukes, a state prisoner currently incarcerated at Lancaster State Prison and proceeding *pro se* and *in forma pauperis*, has filed suit pursuant to 42 U.S.C. § 1983.  [Doc. No. 4]  Plaintiff has submitted a motion in which he requests that the Court appoint counsel for him pursuant to 28 U.S.C. § 1915.  [Doc. No. 52]  For the reasons set forth below, Plaintiff's motion is **DENIED**.

Plaintiff requests appointment of counsel because he is unable to afford legal representation and has been unsuccessful in his own efforts to retain counsel.  He contends appointment of counsel is warranted because the trial in this case will likely involve conflicting testimony and evidence that would be more capably handled by counsel.

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.,* 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  District

courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to appoint counsel for indigent civil litigants upon a showing of "exceptional circumstances." *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.'" *Id.* (citations omitted).

Plaintiff has demonstrated an ability to articulate the factual and legal bases of his claim with sufficient clarity and to competently pursue his case. Although his initial Complaint was dismissed without prejudice upon screening by the Court [Doc. No. 1 and 3], he subsequently successfully filed an Amended Complaint curing the deficiencies that existed with his first filing [Doc. No. 4], successfully filed a motion for leave to proceed *in forma pauperis* [Doc. No. 3], and effected service on Defendants [Doc. No. 7 and 8]. Furthermore, he has articulately and capably represented himself during all proceedings and in all motion filings before this Court, including a Telephonic Case Management Conference [Doc. No. 15], a Mandatory Settlement Conference [Doc. No. 37] and a motion for sanctions [Doc. No. 23], a motion for a deposition transcript [Doc. No. 34] and for motions for extensions of deadlines [Doc. No. 29 & 38]. Based on the information currently before the Court, it appears that Plaintiff has the competence and ability to pursue his case. Without more, this Court cannot conclude that there are "exceptional circumstances" which would warrant the appointment of counsel in Plaintiff's case.

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel is **DENIED**.

**IT IS SO ORDERED.**

DATED:   January 11, 2011

Jan M. Adler
U.S. Magistrate Judge